# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50932
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 16, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FAUSTINO DOMINGUEZ-AMADOR, also known as Guillermo Rufino Escamilla, also known as Faustino Martinez, also known as Augustine Martinez, also known as Faustino Dominguez,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CR-299-1

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Faustino Dominguez-Amador challenges the 46-month sentence imposed following his guilty-plea conviction for illegal reentry following removal, in violation of 8 U.S.C. § 1326. Dominguez contends his within-Guidelines sentence is substantively unreasonable because it is greater than necessary to meet the goals of 18 U.S.C. § 3553(a). Along that line, he

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

maintains: because Sentencing Guideline § 2L1.2 (for illegal reentry) effectively double-counted his prior convictions, the advisory-Guidelines-sentencing range overstated the seriousness of his non-violent offense, which he claims is merely an international trespass; and the district court failed to account for his personal history and characteristics, including his motive for returning to the United States (working to support his children).

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Dominguez does not claim procedural error, but contends only that his sentence is substantively unreasonable. On the other hand, "[a] discretionary sentence imposed within a properly calculated [G]uidelines [sentencing] range is presumptively reasonable". *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). Dominguez contends the within-Guidelines sentence should not be afforded that presumption because Guideline § 2L1.2 lacks an empirical basis. He concedes our precedent, *see, e.g.*, *United States v. Mondragon-Santiago*, 564 F.3d 357, 366–67 (5th Cir. 2009), forecloses this contention but raises it for possible further review.

At the sentencing hearing, the district court considered Dominguez' request for a below-Guidelines-range sentence and ultimately concluded a sentence at the bottom of the applicable, advisory-sentencing range (46–57 months) was appropriate, based upon Dominguez' criminal history, nine prior

removals from the United States, and use of numerous aliases and birth dates. Further, our court has rejected the oft-repeated claims that double-counting necessarily renders a sentence unreasonable and that the Guidelines overstate the seriousness of illegal reentry. *See United States v. Duarte*, 569 F.3d 528, 529–30 (5th Cir. 2009).

Dominguez, therefore, has failed to rebut the above-referenced presumption of reasonableness applied to his 46-month, within-Guidelines sentence. *See, e.g.*, *United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008).

AFFIRMED.